**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **CLAUDE GENE SLOAN,** | ) | **CASE NO. 4: 22 CV 969** |
| | ) | |
| Petitioner, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

*Pro se* petitioner Claude Gene Sloan is federal inmate incarcerated at FCI Elkton. He has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.)

In his petition, he contends his counsel in his criminal case was ineffective and that the prosecutor violated his rights by breaching his plea agreement. He asks that he be sent back to District Court for the Western District of Virginia and given the correct sentence of five years without any enhancement.

Petitioner's motion to proceed *in forma pauperis* (Doc. No. 4) is granted, but for the reasons stated below, his petition is dismissed.

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person

detained is not entitled thereto." 28 U.S.C. § 2243. "Under this provision, the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970). "No return is necessary when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Id.*

It is evident from the petition that petitioner is not entitled to relief. A habeas petition under § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served," not for claims challenging the legality of a prisoner's conviction or sentence, which must be brought in the sentencing court under 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Only in very narrow circumstances may a prisoner may challenge the legality of his conviction or sentence under § 2241. To do so, he must show that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id*. This requires that a prisoner demonstrate he has a claim of actual innocence based upon a new rule of law made retroactive by the Supreme Court. *Id*. at 461-62; *see also Townsend v. Davis*, 83 Fed. App'x 728, 729 (6th Cir. 2003) ("The only claim that this court has recognized as cognizable under § 2241 is a claim of actual innocence based upon a new rule of law made retroactive by a Supreme Court case."). *See also Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016).

Petitioner has not raised a claim of actual innocence based on a retroactively-applicable rule of Supreme Court law. Therefore, he is not entitled to any relief by way of § 2241.

## Conclusion

Accordingly, the petition in this matter is denied and this action is dismissed pursuant to

28 U.S.C. § 2243. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

                                                  7/15/2022

                                 DAN AARON POLSTER
                                 UNITED STATES DISTRICT JUDGE